BARR et v. MEEK et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8950.    Decided Nov. 5, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**ERROR PROCEEDINGS.**

(260 Be)    Trial Court is sole power in determining correctness of bill of exceptions. He cannot refuse to sign it because it is incorrect. He must correct it, if possible, either from memory, notes or otherwise, but if there is nothing to refresh his recollection, and he does not remember the testimony, he cannot be compelled to close his eyes and sign a reputed bill of exceptions. What he does sign, however, is conclusive and argument of counsel that it is not a true bill of exceptions is of no avail in presence of sufficient certificate properly signed by trial judge.

A. F. Hanson, Cleveland, for Barr, et.
G. O. Farquharson, Cleveland, for Meek, et.

HISTORY:—Error to Common Pleas. Bill of Exceptions fails to conform to requirements of statutes. Judgment affirmed. No action in Supreme Court prior to publication date.

STATEMENT OF FACTS.

This cause is here on error proceedings from the Common Pleas Court of Cuyahoga County, a jury having been waived and the cause tried to the court.

SULLIVAN, PJ.

The petition in error sets up six grounds and with the exception of the question as to whether the allegations of the petition are sufficient to constitute a cause of action, they cannot be considered for the reason that in order to determine whether the assignments of error are well founded it is necessary to have recourse to the evidence as contained in the bill of exceptions. We find upon an examination of the bill of exceptions that it does not conform to the requirements of the statutes in that it does not contain all the evidence and the objections and exceptions upon which the errors charged against the court below are founded. The court, itself, when signing the bill of exceptions used the following language:

"The court finds that the bill of exceptions does not contain all the evidence or all of the material evidence offered or heard on behalf of either of the parties in the trial of this case nor was there to the best recollection of the court any motion offered for judgment on the pleadings or any actual tender of a deed made in open court and said bill of exceptions being contested accordingly, the same is hereby as corrected, allowed and signed by the court and it is ordered that the same be transmitted to the office of the clerk of this court and the same filed and made a part

of the record of this case but not to be spread on the journal."

An examination of the record shows that the court is correct for the correction of the bill of exceptions indicates by what is apparently the court's own handwriting, that only part of the evidence submitted to the court for its finding, is contained in the bill of exceptions. This situation occurs in several instances throughout the entire record. Thus there is only a portion of the evidence contained in the bill of exceptions.

It is obvious from the briefs, the transcript and that portion of the record which is submitted in the case, that there were extensive examinations and cross-examinations, and it is easily ascertainable that the evidence submitted is vastly in excess of the proportion that appears in the so-called bill of exceptions. Therefore, the bill of exceptions so-called, is deficient in fact and defective in law and the court is without jurisdiction even to consider the same excepting as to the question of the sufficiency as before noted, of the petition itself. Even upon this question it is very doubtful whether the defendant properly raised the question, for the court says in its certificate attached to the bill of exceptions that there was no motion made for judgment upon the pleadings and there is no evidence of the submission of a demurrer to the petition. However, inasmuch as it might be claimed that the court has power in the absence of a demurrer, to consider the adequacy of the petition, it is our opinion, from an examination of the same, that the attack made upon it is not well grounded because, in our judgment, all the elements under the statute, to constitute a cause of action in the case of the character of the one at bar, are apparent in the petition.

It is argued that this court can take cognizance of counsel's statement in argument that the bill of exceptions, even though incomplete, should have been corrected by the court to conform to the actual facts and in default thereof the court committed error under the principles of the well known Beebe case, 15 O. App. Rep. 182. This however, is not true, because the so-called Beebe case, was an action in mandamus and this court issued the writ compelling the lower court to correct the bill of exceptions even to the extent of compelling the private stenographer who sat during the trial for one of the parties, to transcribe his notes and submit the translation to the court for the purpose of making the proper corrections in the bill of exceptions.

In this case no such action was commenced by the court and no such action is here. It was plainly and obviously apparent that inasmuch as there was no stenographer to take notes during the trial that it was impossible for the court to correct the bill of exceptions excepting in the way noted on the so-called bill of exceptions, by noting that only part of the evidence appeared. The trial court is the sole power in determining the correctness of a bill of exceptions. He cannot refuse to sign it because it is incorrect. The court must correct it, if it is possible for him to do so, either from memory, notes, or otherwise, but if there is nothing to refresh his recollection, and he does not remember the testimony, he cannot be compelled to close his eyes and sign a reputed bill of exceptions. What he does

sign, however, is conclusive and an argument of counsel that it is not a true bill of exceptions is of no avail in the presence of a sufficient certificate properly signed by the trial judge.

With such a situation in the case at bar, it is our holding that the judgment of the Common Pleas Court is hereby affirmed.

(Vickery and Levine, JJ., concur.)